Kevin M. SHEA, Plaintiff—Appellant,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al., Defendants—Appellees.

No. 01–16698.

D.C. No. CV–00–00739–CW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Jan. 27, 2003.

Before MCKEOWN and PAEZ, Circuit Judges, and POLLAK,* District Judge.

## MEMORANDUM **

Appellant Kevin Shea ("Shea"), a firefighter with the San Francisco Fire Department ("Department"), appeals the district court's summary judgment in favor of the Department on his Americans with Disabilities Act ("ADA") and California Fair Employment and Housing Act ("FEHA") disability discrimination claims. We review *de novo* the grant of summary judgment, and we affirm in part, reverse in part, and remand.

### I.

■ Shea alleged in his Equal Employment Opportunity Commission ("EEOC") and California Department of Fair Employment and Housing ("DFEH") charges that Chief Gamble discriminated against him on the basis of his disability in early May 1998. This claim is time-barred under both the ADA and FEHA because Shea did not file either an administrative charge with the EEOC within 300 days of this allegedly unlawful conduct or a complaint with the DFEH within a year of this conduct. *See* 42 U.S.C. §§ 12117(a), 2000e–5(e)(1) (stating that under the ADA, an aggrieved party must file a complaint within either 180 or 300 days after an

* Honorable Louis H. Pollak, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

alleged unlawful employment practice has occurred); Cal. Gov't Code § 12960 (stating that under the FEHA, a complainant must file an administrative charge within one year after the alleged unlawful practice occurred).

■ Shea's ADA and FEHA claims are not saved by the continuing violations doctrine. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 2068, 153 L.Ed.2d 106 (2002) (holding that 42 U.S.C. § 2000e–5(e)(1) "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period"); *see also Richards v. CH2M Hill, Inc.,* 26 Cal.4th 798, 111 Cal. Rptr.2d 87, 29 P.3d 175, 190 (Cal.2001) (holding that the continuing violations doctrine applies to disability discrimination claims brought under FEHA only if the employer's unlawful actions are similar in kind, have occurred with reasonable frequency, and have not acquired a degree of permanence). Here, Shea's charges that he was discriminated against due to his disability when the Department denied him seniority rights, medical benefits, vacation pay, transfer, and accommodations were discrete acts that were not similar in kind and that fell outside the relevant statutory time period. They therefore were time-barred. In contrast, however, Shea's claim that the Department denied him administrative pay was timely and is actionable.

We affirm the district court's ruling that Shea's ADA and FEHA claims were time-barred with the exception of his claim that he was improperly denied administrative pay.[1]

## II.

■ Shea alleged in his EEOC charge that the Department denied him administrative pay on the basis of his disability. He claims that he was entitled to administrative pay pursuant to a Memorandum of Understanding ("MOU") between the Department and the Firefighters' Union, of which he was a member. We are required to construe Shea's EEOC charge liberally, *see Lyons v. England,* 307 F.3d 1092, 1104 (9th Cir.2002), and conclude that, although his other ADA and FEHA claims were time-barred, he timely raised a claim for denial of administrative pay.

Shea filed his EEOC charge on December 8, 1999. A few months earlier, on August 25, 1999, the Department transferred Shea to a light duty position at the Department of Training where he worked in an administrative position pursuant to which he claims he should have, but never did, receive administrative pay. Because Shea filed his EEOC charge within 300 days after the Department allegedly denied him administrative pay, his claim was timely. We therefore remand to the district court for a determination of the merits of Shea's claim that he was denied administrative pay due to his disability.

AFFIRMED in part, REVERSED in part, and REMANDED. Each party shall bear its own costs on appeal.

---

1. Because we conclude that Shea's ADA and FEHA claims were time-barred, we need not address Shea's failure to promote claim.